**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FARID MARZUQ,                          :
a/k/a Gary Tucker,                     :
                                       :    Civil Action No. 09-3933 (RBK)
              Plaintiff,    :
                                       :
              v.            :    **OPINION**
                                       :
MR. LOURY, et al.,                     :
                                       :
              Defendants.   :


**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>              Counsel for Defendants
Faird Marzuq                     Daniel Michael Vannella
Northern State Prison            New Jersey Div. of Law
168 Frontage Road                R.J. Hughes Justice Complex
Newark, NJ  07114                25 Market Street
                                 P.O. Box 112
                                 Trenton, NJ  08625

                                 Susan Marie Scott
                                 Ofc. of the NJ Atty General
                                 R.J. Hughes Justice Complex
                                 P.O. Box 112
                                 Trenton, NJ  08625


**KUGLER**, District Judge

      This matter was opened to the Court by Plaintiff Farid
Marzuq filing a Complaint alleging various violations of his
constitutional rights.  Plaintiff is a prisoner appearing here <u>in</u>
<u>forma</u> <u>pauperis</u> and <u>pro</u> <u>se</u>.  Having screened the Complaint
pursuant to 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e,
this Court dismissed certain claims, allowed others to proceed,

and granted Plaintiff leave to file an amended complaint. Plaintiff filed an Amended Complaint [Docket Entry No. 6] and Second Amended Complaint [8]. Thereafter, in response to the Motion to Dismiss or for Summary Judgment [25] of the only remaining defendants, Mr. Loury and Mr. Warren, this Court entered an Opinion and Order [34, 35], granting Plaintiff leave to file a third amended complaint which sufficiently sets forth his claim for violation of his First Amendment right to free exercise of religion against Defendants Loury and Warren, and dismissing all other claims. Plaintiff has filed a Third Amended Complaint [38].

Now pending before this Court is the Motion [41] of Defendants Loury and Warren to dismiss the Third Amended Complaint or for summary judgment. Plaintiff has not filed an opposition to the Motion. This matter is now ready for decision.

## I.   DISMISSAL FOR FAILURE TO STATE A CLAIM

This Court must dismiss, at any time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). See also Fed.R.Civ.P. 12(b)(6), permitting a party to move to

dismiss a claim in a civil action for "failure to state a claim upon which relief can be granted."

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted). <u>See also</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224 (3d Cir. 2008).

Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated. The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief." In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such
> an entitlement with its facts. See Phillips, 515 F.3d
> at 234-35. As the Supreme Court instructed in Iqbal,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## II.   SUMMARY JUDGMENT

### A.   Federal Rule of Civil Procedure 56

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

A party asserting that a fact cannot be, or is genuinely disputed, must support the assertion by citing to particular parts of materials in the record, or by showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1). Nevertheless, the court may consider other materials in the record. Fed.R.Civ.P. 56(c)(3).

Rule 56(e) of the Federal Rules of Civil Procedure further provides that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed.R.Civ.P. 56(e).

No genuinely triable issue of material fact exists when the moving party demonstrates – based on the submitted evidence, and

viewing the facts in the light most favorable to the non-moving party – that no rational jury could find in the non-movant's favor. Ambruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). Thus, the threshold enquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In deciding whether triable issues of material fact exist, a court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, the moving party bears the burden of showing no genuine issue of material fact, and the non-movant opposes the motion by presenting affirmative evidence to the contrary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). Under the Rule, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations

omitted).  See also Anderson, 477 U.S. at 247-48 ("By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.").

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [former Rule 56(e), new Rule 56(c)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

A movant need not affirmatively disprove the other party's case; he may move on the ground that the non-movant lacks evidence "sufficient to establish the existence of an element

essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Nevertheless, again, it is not sufficient to support a motion with only conclusory assertions that the non-movant has no evidence to prove his case. To the contrary, as Justice White warned, in his concurring opinion in Celotex, "It is the defendant's task to negate, if he can, the claimed basis for the suit." Celotex, 477 U.S. at 328 (Justice White, concurring). Celotex's progeny reflects that sentiment – that the movant bears the burden of demonstrating the lack of evidence in the record to support the non-movant's claims. See, e.g., Haywood v. Nye, 999 F.Supp. 1451, 1463 (D. Utah 1998); Andrews v. Crump, 984 F.Supp. 393, 402-03 (W.D.N.C. 1996).

It is not necessary that the case be fully adjudicated on a motion for summary judgment.

> If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact - including an item of damages or other relief - that is not genuinely in dispute and treating the fact as established in the case.

Fed.R.Civ.P. 56(g).

Finally, after giving notice and a reasonable time to respond, the court may:

> (1)  grant summary judgment for a nonmovant;
>
> (2)  grant the motion on grounds not raised by a party; or
>
> (3)  consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed.R.Civ.P. 56(f).

B.   <u>New Jersey Local Civil Rule 56.1</u>

New Jersey Local Civil Rule 56.1(a), as amended in 2008, requires that on summary judgment motions, both the moving and non-moving parties furnish a statement identifying what each side deems to be the material facts, so that the Court can determine if a genuine dispute exists.  The commentary to the Rule notes that "the requirement of a separate document represents a change from the practice under the former version of the rule," and that "[t]he Rule 56.1 statement is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical admission of the parties."  The commentary specifies the content and format of the statement: e.g., the assertions must be set out in separately numbered paragraphs; each fact must be supported by a citation to an affidavit.

Consequences of a movant's noncompliance with the Rule can be severe−"[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." L.Civ.R. 56.1(a).  <u>See also</u> <u>Kee v. Camden County</u>, 2007 U.S. Dist. LEXIS 23637, at *14 (D.N.J. 2007) (Simandle, Jr.); <u>Langan Eng'g & Envtl. Servs. v. Greenwich Ins. Co.</u>, 2008 U.S. Dist. LEXIS 99341 (D.N.J. 2008) (Greenaway, J.).  Where an opposition brief is not accompanied by a Rule 56.1 statement, the movant is not automatically entitled to summary judgment.  Instead, the judge

"may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate." Cornelio v. Coupon Serv. Corp., 2007 U.S. Dist. LEXIS 213, 15 *5 (D.N.J. 2007) (Pisano, J.).  Such a scenario is predicated on the movant having filed a Rule 56.1 statement.

The Court is mindful of the fact that Plaintiff is a pro se litigant, and district court judges often relax procedural rules, including Local Civil Rule 56.1(a), for an unrepresented litigant.  See, e.g., Jordan v. Allgroup Wheaton, 218 F.Supp.2d 643, 646 (D.N.J. 2002) (Irenas, J.), aff'd, 95 Fed.Appx. 462 (3d Cir. 2004) (pro se plaintiff's failure to submit a Rule 56.1 statement leads court instead to draw relevant facts "primarily from Plaintiff's complaint, and the transcript of Plaintiff's deposition testimony, Defendant's Statement of Undisputed Material Facts and supporting exhibits").

A court may excuse the failure to submit a Rule 56.1 statement where there is no evidence of bad faith.  See, e.g., Rumbas v. Borough of Lawnside, 2008 U.S. Dist. LEXIS 60712 (D.N.J. 2008) (Simandle, Jr.); Shirden v. Cordero, 509 F.Supp.2d 461, 463-64 n.1 (D.N.J. 2007) (Martini, Jr.) (stating "lack of compliance with the Local Civil Rules has made it difficult and time-consuming for the Court to determine whether a genuine issue of material fact exists.  Nonetheless, the Court, having found no evidence of bad faith, will decide Defendants' motion on its

merits"). A judge may relax the Rule as well where the interests
of justice so require, which most commonly arises when both
parties fail to comply. For example, in Kee v. Camden County,
2007 U.S. Dist. LEXIS 23637, at *16 (D.N.J. 2007), Judge Simandle
decided to adjudicate a summary judgment motion where "both
parties were equally lax in their compliance[,]" and where doing
so was "in the best interest of the parties and justice."
Nonetheless, before reaching this conclusion, he admonished
defendants for providing "little in the way of support for their
motion of summary judgment" and relying on documentary evidence
and plaintiff's deposition, as well as plaintiff for submitting
disorganized exhibits. Id. at *15. Judges throughout this
District since have agreed with Judge Simandle's position, even
after the 2008 amendments became effective. E.g., Langan Eng'g &
Envtl. Servs. v. Greenwich Ins. Co., 2008 U.S. Dist. LEXIS 99341
(D.N.J. 2008) (Greenaway, J.); Apata v. Howard, 2008 U.S. Dist.
LEXIS 72321 (D.N.J. 2008) (Irenas, J.).

### III. DISCUSSION

Plaintiff is currently confined at Northern State Prison
pursuant to his conviction in November 2008 of two drug-related
charges. (Complaint, ¶ 1; Defs.' Statement of Material Facts,
Docket Entry No. 25-2, ¶ 1.) As a result of Plaintiff's Uniform
Defendant Intake Interview, during which he admitted to "snorting
five to ten bags of heroin every day," Mark Lee, the Supervisor

of the Addictions Assessment Unit in the Office of Drug Programs, referred Plaintiff to the Therapeutic Community for substance abuse treatment.  (Defs.' Statement of Material Facts ¶ 6.) Thereafter, Plaintiff was given an Inmate Assignment Advisory, which advised Plaintiff of his rights and responsibilities regarding his assignment to the Therapeutic Community.  (<u>Id.</u> at ¶¶ 9-10.)  Plaintiff signed the Inmate Assignment Advisory which stated that he would be given a disciplinary infraction and a possible loss of minimum custody status if he refuses a classification Therapeutic Community assignment or, on in the treatment program, if he is charged for behavior maladjustment or refuses to participate.  (<u>Id.</u> at ¶ 11.)  Subsequently, Plaintiff was approved for the full minimum community program and admitted. (<u>Id.</u> at ¶ 12-13.)

On June 11, 2009, Plaintiff received a behavioral maladjustment discharge from the program for refusing to follow the directives of the program.  (<u>Id.</u> at ¶ 13.)  As a result of the discharge from the Therapeutic Community program, Plaintiff's status was changed to medium custody.

Thereafter, Plaintiff filed the Complaint in this matter alleging that the program violates his First Amendment right to free exercise of religion and that he was subjected to retaliation when he declined to participate in the program. Plaintiff requested both injunctive and monetary relief.

In the Third Amended Complaint, limited to the free-exercise claim which is the only remaining claim, Plaintiff alleges that he practices the Islam faith.  He alleges that participation in the Therapeutic Community violates Islam.  More specifically, he alleges that statements he is required to make in the Therapeutic Community program would put him in a state of "disbelief" with respect to the requirements of his faith.  In his claim for relief, Plaintiff asks this Court "[t]o restore Plaintiff minimum days off per month for 16 months retroactive to the date Plaintiff status had been downgraded."  Plaintiff does not ask for any other relief.

In their Motion [41] to Dismiss or for Summary Judgment, Defendants assert that the Third Amended Complaint fails to state a claim for violation of the Free Exercise Clause of the First Amendment and that it is based on an untenable theory of vicarious liability.

Apart from Defendants' Motion to dismiss, Plaintiff's request for retroactive restoration of good time credits, a clarification of the relief requested in his initial Complaint, requires this Court to consider whether Plaintiff's claim is properly before this Court at this time.

In a series of cases beginning with Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus

statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.  <u>See also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (prisoner can not challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding).

In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Supreme Court applied the lessons of <u>Preiser</u> and its progeny to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983

if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  520 U.S. at 646-8.

Most recently, in Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court applied these principles to hold that claims challenging the validity of general parole procedures are cognizable under § 1983, so long as the prisoner does not seek injunctive relief ordering his immediate or speedier release into the community, but rather seeks merely a new eligibility review or parole hearing.

"Considering Heck [v. Humphrey, 512 U.S. 477 (1994)] and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'"  Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

Here, Plaintiff expressly seeks only one form of relief, restoration of good time credits to which he claims entitlement, and that were lost as a result of his expulsion from the

Therapeutic Community program and change in custody status.  This claim must be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2254 following exhaustion of state remedies. Plaintiff cannot obtain this relief in a § 1983 action.  For the foregoing reasons, the Third Amended Complaint will be dismissed without prejudice and the Motion [41] to dismiss will be denied as moot.

## IV.  CONCLUSION

For the reasons set forth above, the Third Amended Complaint will be dismissed.   An appropriate order follows.


                                        s/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge

Dated: June 6, 2011

16